

49 Market Street
Morristown, NJ  07960
973.992.4800   973 992.9125
www.foxrothschild.com

Catherine Youngman
Office Managing Partner

DAVID J. SPRONG
Direct No: 973 548 3362
Email: DSprong@FoxRothschild com

December 20, 2023

**Via ECF**
Honorable Ona T. Wang, U.S.M.J.
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

  **Re:** **Manny Pastreich, as Trustee, et al v. Americorp, Inc.**
     **Docket No. 1:23-cv-02705**

Dear Judge Wang:

This firm represents American Building Cleaners, Inc. d/b/a Americorp (hereinafter referred to as "Defendant") (incorrectly plead as Americorp, Inc., d/b/a Americorp Janitorial Services) in the above referenced action.  Please accept this correspondence in furtherance of the parties' joint request for the entry of the attached proposed Confidentiality Stipulation, the form and entry of which has been consented to by all parties.

The parties respectfully submit that a Confidentiality Stipulation is necessary in this case to protect certain confidential business information exchanged in discovery and limit the use of same to this litigation.  If the enclosed Confidentiality Stipulation meets with Your Honor's approval, the parties respectfully request that the Court "so order" and file same at the Court's convenience.  Should the Court have any questions, kindly have a member of the Court's staff contact the undersigned.  We appreciate the Court's attention to the foregoing.

Respectfully submitted,
FOX ROTHSCHILD, LLP

*/s/ David Sprong/*

David J. Sprong, Esq.

cc: Ira Sturm, Esq. (via ECF)

A Pennsylvania Limited Liability Partnership

California Colorado Delaware District of Columbia Florida Georgia Illinois Massachusetts Minnesota Missouri
Nevada New Jersey New York North Carolina Oklahoma Pennsylvania South Carolina Texas Washington
152618715.1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MANNY PASTREICH, AS TRUSTEE, and TRUSTEES OF THE BUILDING SERVICE 32BJ HEALTH FUND, BUILDING SERVICES 32BJ PENSION FUND, BUILDING SERVICE 32BJ LEGAL SERVICES FUND, BUILDING SERVICES 32BJ THOMAS SHORTMAN TRAINING, SCHOLARSHIP & SAFETY FUND, and BUILDING SERVICES 32BJ SUPPLEMENTAL RETIREMENT AND SAVINGS FUND, and the BUILDING SERVICE 32BJ HEALTH FUND, BUILDING SERVICES 32BJ PENSION FUND, BUILDING SERVICE 32BJ LEGAL SERVICES FUND, BUILDING SERVICES 32BJ THOMAS SHORTMAN TRAINING, SCHOLARSHIP & SAFETY FUND, and BUILDING SERVICES 32BJ SUPPLEMENTAL RETIREMENT AND SAVINGS FUND, <br><br>                          Plaintiffs, <br><br>vs. <br><br>AMERICORP, INC d/b/a AMERICORP JANITORIAL SERVICES, <br><br>                          Defendant. | Civil Action No. 23-cv-2705-ER <br><br><br><br>**STIPULATION AND PROPOSED PROTECTIVE ORDER** |

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution,

the challenging party may seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."  All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Before disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

8. Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

9. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal.  The parties shall follow the Court's procedures with respect to filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

**SO STIPULATED AND AGREED:**

| **Raab, Sturm & Ganchrow, LLP** | **Fox Rothschild LLP** |
|---|---|
| *s/Ira A. Sturm* | *s/David J. Sprong* |
| By: Ira A. Sturm | By: David J. Sprong |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 2125 Center Avenue, Suite 100 | 49 Market Street |
| Fort Lee, NJ 07024 | Morristown, NJ 07960 |
| 201-292-0150 | 973-548-3362 |
| isturm@rsgllp.com | dsprong@foxrothschild.com |
| Dated: December 20, 2023 | Dated: December 20, 2023 |

**SO ORDERED:**

_____
Edgardo Ramos, U.S.D.J.

Dated:   12/21/2023
         New York, New York

3

151634550.2

## **Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____
Printed
Name:

Signed in the presence of:

_____, Attorney
Printed
Name: